UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
DEC 14 2007
U.S.D.C. S.D. N.Y.
CASHIERS

---

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

21 MC 102 (AKH)

---

WILLIAM ZAPPOLO and JOANN ZAPPOLO,

Plaintiff(s),

-against-

THE CITY OF NEW YORK,

Defendant.

**07 Civ. CV 11263**

Hon. Alvin K. Hellerstein, U.S.D.J.

**NOTICE OF REMOVAL**

---

**PLEASE TAKE NOTICE** that THE CITY OF NEW YORK ("Defendant") hereby removes the above-entitled action (the "Action") from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441, § 1446(a), § 1446(b) and the Air Transportation Safety and System Stabilization Act, Public Law No. 107-42, § 401 *et seq.*, 115 Stat. 230 (2001) (the "ATSSSA") (codified as amended at 49 U.S.C. §40101 (2001)).

In support of this Notice of Removal, Defendant states:

1.  On or about July 19, 2007, Plaintiff(s) filed a Summons with Notice in the Supreme Court of the State of New York, County of New York. Plaintiff(s) assert claims resulting from, relating to, and arising out of the terrorist-related aircraft crashes of September 11, 2001. A true copy of the Summons with Notice is attached to this Notice of Removal.

2.  On or about November 15, 2007, Defendant received the Summons with Notice in this Action bearing Index Number 07109969.

NEW YORK
COUNTY CLERKS OFFICE
DEC 14 2007
NOT COMPARED
WITH COPY FILE

3.  Because these claims arise out of Plaintiff(s)' alleged injuries resulting from, relating to, and arising out of the September 11, 2001 terrorist-related aircraft crashes, the United States District Court for the Southern District of New York has original and exclusive jurisdiction over the Action.  Specifically in response to the tragic events of September 11, 2001, Congress enacted the ATSSSA on September 22, 2001, which created a comprehensive scheme addressing numerous matters resulting from the attacks.  Section 408(b) of the ATSSSA contains a broad jurisdictional provision centralizing in the Southern District of New York the resolution of any litigation claims resulting from or relating to the events of September 11, 2001:

> The United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001.

Pub. L. No. 107-42, § 408(b)(3), 115 Stat. 230, 241 (2001).

4.  In addition, Section 408(b)(1) of the ATSSSA creates a federal cause of action over which this Court has original jurisdiction.  It provides:

> There shall exist a Federal cause of action for damages arising out of the hijacking and subsequent crashes of American Airlines flights 11 and 77, and United Airlines flights 93 and 175, on September 11, 2001.  Notwithstanding section 40120(c) of title 49, United States Code, this cause of action shall be the exclusive remedy for damages arising out of the hijacking and subsequent crashes of such flights.

Pub. L. No. 107-42, § 408(b)(1), 115 Stat. 230, 240-241 (2001).

5.  Furthermore, In *In re: WTC Disaster Site*, the United States Court of Appeals for the Second Circuit conclusively recognized the original and exclusive jurisdiction in the Southern District of New York for claims relating to the terrorist-related aircraft crashes of September 11, 2001.  *See In re: WTC Disaster Site*, 414 F.3d 352, 375–380 (2d Cir. 2005).

6.  Based on the foregoing, the Action is removable from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441.

7.  Defendant's Notice of Removal is timely as the Notice of Removal will be filed within thirty days of Defendant's receipt of the Summons with Notice. *See* 28 U.S.C. §1446(b).

8.  A copy of this Notice of Removal will be filed with the Supreme Court of the State of New York, County of New York, and will be served on Plaintiff(s)' counsel pursuant to 28 U.S.C. § 1446(d).

9.  Pursuant to Rule 81.1(b) of the local civil rules for the Southern District of New York, Defendant will forward a copy of all records and proceedings in the Supreme Court of the State of New York, County of New York within 20 days.

10. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant hereby removes to this Court the action now pending against it in the Supreme Court of the State of New York, County of New York, bearing Index No. 07109969.

Dated: Newark, New Jersey
December 14, 2007

PATTON BOGGS LLP

By: _James E. Tyrrell, Jr._

James E. Tyrrell, Jr. (JT/6837)
One Riverfront Plaza, 6th floor
Newark, NJ 07102
(973) 868-5600
JTyrrell@PattonBoggs.com

*Attorneys for* The City of New York.

TO: Michael A. London, Esq.
Douglas & London, P.C.
111 John Street, Suite 1400
New York, NY 10038

2007 PI 020208
2007- 022230

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 07109969
Date Purchased: 7/19/2007

-------------------------------------------------------------X

WILLIAM ZAPPOLO and JOANN ZAPPOLO,

**SUMMONS**

Plaintiffs,

-against-

THE CITY OF NEW YORK

Defendant.

-------------------------------------------------------------X

Plaintiffs designates New York County as the place of trial.

The basis of venue is: Location of exposure.

Plaintiffs resides at:
5 Leonard Street
Farmingdale, New York

County of Suffolk

## To the above named Defendant:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
July 19, 2007

STEPHANIE O'CONNOR, ESQ.
**DOUGLAS & LONDON, P.C.**
*Attorneys for Plaintiff(s)*
111 John Street, 14th Floor
New York, NY 10038
(212) 566-7500

TO:    MICHAEL CARDOZO, ESQ.
Corporation Counsel, The City of New York
100 Church Street
New York, New York 100076

NEW YORK
COUNTY CLERK'S OFFICE

JUL 19 2007

NOT COMPARED
WITH COPY FILE

9|11|07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

-------------------------------------------------------------------X     Date Purchased:

WILLIAM ZAPPOLO and JOANN ZAPPOLO,

**VERIFIED COMPLAINT**

Plaintiff,

-against-

THE CITY OF NEW YORK

Defendants.

-------------------------------------------------------------------X

Plaintiffs, by their attorneys, **DOUGLAS & LONDON, P.C.**, complaining of the Defendants herein, respectfully alleges upon information and belief:

1.     Plaintiff, WILLIAM ZAPPOLO, was born on July 19, 1963, and is at all times relevant herein a resident of the State of New York, County of Suffolk.

2.     Upon information and belief, at all relevant times, Defendant THE CITY OF NEW YORK (hereinafter referred to as "the CITY") is and/or was a municipal corporation duly organized and existing under the laws of the State of New York.

3.     Prior hereto on July 19, 2007, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof, was duly served on the Plaintiff's behalf on the CITY.

4.     That a hearing pursuant to General Municipal Law 50-h has not been scheduled nor held.

NEW YORK
COUNTY CLERK'S OFFICE

JUL 1 9 2007

NOT COMPARED
WITH COPY FILE

5. That on July 19, 2007, an application by Order to Show Cause to permit the plaintiff to file a late Notice of Claim and/or to deem the Notice of Claim filed on July 19, 2007 as timely filed *nunc pro tunc*. That motion is presently pending.

## FACTUAL BACKGROUND

6. On September 11, 2001 two airplanes hijacked by terrorists were flown into the World Trade Center Towers. Within hours the buildings collapsed resulting in the deaths of thousands of people. The City immediately took control of the World Trade Center site and the Lower Manhattan area. (For purposes of this Complaint, the Lower Manhattan includes the area south of Canal Street down through Battery Park.)

7. "The combustion of more than 90,000 L of jet fuel released a dense and intensely toxic atmospheric plume containing soot, metals, volatile organic compounds and hydrochloric acid. The collapse of the towers pulverized cement, glass and building contents and generated thousands of tons of particulate matter composed of cement dust, glass fibers, asbestos, lead, polycyclic aromatic hydrocarbons (PAHs), polychlorinated biphenyls (PCBs), organochlorine pesticides, and polychlorinated furans and dioxins." Health and Environmental Consequences of the World Trade Center Disaster, Environmental Health Perspectives Volume 112, Number 6, May 2004, http://www.ehponline.org/members/2004/6702/6702.html.

8. As a result of the collapse of the World Trade Center towers, the air circulating in and around the Lower Manhattan area as well as the dust particles that came to settle in the residences and office buildings located in the Lower Manhattan area became contaminated with numerous hazardous substances such as asbestos, lead,

benzene, mercury, and other deadly and dangerous toxins.

9.    Upon information and belief, the City of New York started testing the level of hazardous toxins, including asbestos, that were circulating in the air in Lower Manhattan on September 12, 2001, only one day following the collapse of the World Trade Center Towers.   Upon information and belief, the City of New York received the results of these tests within hours of completion which showed that the air in the Lower Manhattan area was dangerous and/or not safe for inhalation and/or other contact.

10.    Upon information and belief, the City of New York hid this information from the public at large, including the Plaintiff and the Lower Manhattan community.

11.    Upon information and belief, the City of New York continued to test the quality of the air and settled dust particles in the Lower Manhattan area for many months following September 11, 2001.   Notwithstanding the unfavorable results that these tests put forward, the City of New York continued to advise Lower Manhattan residents and workers, and the public at large, that the air in and around Lower Manhattan was safe for inhalation and/or other contact.

12.    Upon information and belief, in an effort to reassure the Lower Manhattan residents and workers that the air circulating in the Lower Manhattan area was safe, the City of New York altered the unfavorable results of the aforementioned tests, which clearly showed that the air and settled dust particles in the Lower Manhattan area were contaminated with numerous hazardous toxins.

13.    Upon information and belief, the City of New York improperly tested the quality of the air and settled dust particles in the Lower Manhattan area and improperly

3

analyzed the data that it did receive.

14.    The City of New York provided inaccurate information about the true dangers and risks of the quality of the air and settled dust particles in the Lower Manhattan area to the Plaintiffs, the Lower Manhattan Community and the public at large, in an effort to persuade Lower Manhattan residents and workers to return to the Lower Manhattan area.

15.    Plaintiff WILLIAM ZAPPOLO, relying on the false statements made by the City of New York about the quality of the air and settled dust particles in the Lower Manhattan area, began to work in the Lower Manhattan area beginning in December 2001.

16.    Plaintiff WILLIAM ZAPPOLO was exposed to the hazardous toxins that had contaminated the air and settled dust particles in the air Lower Manhattan area.

17.    Plaintiff, WILLIAM ZAPPOLO, suffered severe and personal injuries as a result of his exposure to the hazardous toxins circulating in the Lower Manhattan area, including sarcoidosis and pulmonary fibrosis, which were diagnosed on April 20, 2006.

## FIRST CAUSE OF ACTION
### Negligence

18.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

4

19.    The negligence of the Defendants, its agents, servants, and/or employees, included but was not limited to the following acts or omissions:

a.  Negligently failing to adequately and correctly warn the Plaintiffs, the Lower Manhattan Community and/or the public in general of the dangers and serious health and/or safety concerns of the quality of the air and settled dust particles in the Lower Manhattan area following September 11, 2001, and failing to provide adequate instructions regarding safety precautions to be observed by persons who reside and/or work in the Lower Manhattan area;

b.  Negligently representing to the Plaintiffs, the Lower Manhattan Community and/or the public in general, that the air and settled dust particles in the Lower Manhattan area were safe for inhalation and/or other contact, when it was, in fact, unsafe;

c.  Not conducting sufficient testing of the air and settled dust particles in the Lower Manhattan area to determine whether the aforementioned air and settled dust particles were in fact safe for inhalation and/or other contact, in that Defendant knew or should have known that said air and settled dust particles were unsafe and unfit for inhalation and/or other contact;

d.  Misrepresenting the many risks of exposure to the hazardous toxins contaminating the air and settled dust particles in the Lower Manhattan area; in knowing that these toxins could cause serious and grave injury to anyone exposed to such toxins; and

5

e.  Failing to adequately inform Plaintiffs, the Lower Manhattan Community and/or the public in general of the serious dangers and risks associated with exposure to the air and settled dust particles in the Lower Manhattan area.

20.  As a direct and proximate result of the aforementioned negligence on the part of the Defendant, Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

21.  Based upon the foregoing, it is further alleged that Defendant's conduct, actions, and/or inactions amount to and were in fact acts/actions of negligence per se, and Plaintiff sustained injuries and damages as set forth herein as a result of the same by Defendant.

22.  By reason of the foregoing, Plaintiffs have been damaged as against Defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS (($10,000,000.00) in punitive damages.

## SECOND CAUSE OF ACTION
### Fraudulent Misrepresentation

23.  Plaintiffs repeat, reiterate, and reallege each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

24.  The Defendant falsely and fraudulently represented to the Lower Manhattan Community, the Plaintiffs and to the public in general, that the quality of the air and settled dust particles in the Lower Manhattan area to which Plaintiff was exposed was safe

for inhalation and/or other contact.

25.    The representations made by Defendant were, in fact, false.

26.    When said representations were made by Defendant, Defendant knew those representations to be false, and it willfully, wantonly and recklessly disregarded whether the representations were true.

27.    These representations were made by said Defendant with the intent of defrauding and deceiving the Plaintiffs, the Lower Manhattan Community, and the public in general, and were made with the intent of inducing the Plaintiffs, the Lower Manhattan Community, and the public in general to return to the Lower Manhattan area under a false sense of security, under the belief that the quality of the air and settled dust particles in the Lower Manhattan area to which Plaintiff was exposed was safe for inhalation and/or other contact, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiff.

28.    At the time the aforesaid representations were made by the Defendant and, at the time that the Plaintiff worked in the Lower Manhattan area, the Plaintiff was unaware of the falsity of said representations and reasonably believed them to be true.

29.    In reliance upon said representations, the Plaintiff was induced to and did work in the Lower Manhattan area, thereby sustaining severe and permanent personal injuries, and/or being at an increased risk of to sustain severe and permanent personal injuries in the future.

30.    Said Defendant knew and was aware or should have known that the quality of the air and settled dust particles in the Lower Manhattan area had not been sufficiently

tested, and that it was not safe for Lower Manhattan residents and/or workers to return to the Lower Manhattan area.

31.    Defendant knew or should have known that the hazardous toxins contaminating the air and settled dust particles in the Lower Manhattan area would cause severe and grievous injury to persons exposed to such toxins, more specifically the Lower Manhattan residents and/or workers.    Defendant acted fraudulently, wantonly and maliciously to the detriment of the Plaintiff herein.

32.    As a result of the aforementioned fraudulent conduct by Defendant, Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

33.    By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiffs.

34.    By reason of the foregoing, Plaintiffs have been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

**THIRD CAUSE OF ACTION**
**Fraudulent Concealment**

35.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

36.    At all times during the course of dealing between Defendant and Plaintiff,

8

Defendant misrepresented that the air in the Lower Manhattan area was safe to breathe.

37.    Defendant knew or was reckless in not knowing that its representations were false.

38.    In representations to Plaintiffs, the Lower Manhattan Community and/or the public in general, Defendant fraudulently concealed and intentionally omitted the following material information:

    a.  The air and settled dust particles in the Lower Manhattan area were safe for inhalation and/or other contact;

    b.  That Defendant was aware of the dangers posed by exposure to the air and settled dust particles in the Lower Manhattan area.

    c.  That the air and settled dust particles in the Lower Manhattan area were contaminated with numerous hazardous toxins;

    d.  That exposure to the hazardous toxins contaminating the aforementioned air and settled dust particles was dangerous and could cause serious and grave injuries to anyone exposed to such toxins;

    e.  That persons exposed to such toxins need to be monitored more regularly than persons not exposed;

    f.  That safety testing of the air and settled dust particles in the Lower Manhattan area clearly demonstrated that the air and settled dust particles in the Lower Manhattan area were contaminated with numerous hazardous toxins, and, thus was unsafe for inhalation and/or other contact;

    g.  That persons should not reside and/or work in the Lower Manhattan area

9

because the air and settled dust particles were contaminated with numerous

hazardous substances; and

   h.  That persons residing and/or working in the Lower Manhattan area did not

need to wear any protective mask and/or other article to protect themselves

from exposure and/or other contact with the air and settled dust particles in

the Lower Manhattan area.

39.    Defendant was under a duty to disclose to Plaintiffs, the Lower Manhattan

Community and/or the public in general the dangerous nature of the hazardous toxins

contaminating the air and settled dust particles following the collapse of the World Trade

Center Towers on September 11, 2001.

40.    Defendant had access to material facts concerning the quality of the air and

dust particles in the Lower Manhattan area and the propensity of these hazardous toxins

to cause serious and dangerous side effects, and hence, cause damage to persons who were

exposed to the hazardous toxins, including the Plaintiff herein.

41.    Defendant's concealment and omissions of material facts concerning, inter

alia, the quality of the air and settled dust particles in the Lower Manhattan area, was

made purposely, willfully, wantonly, and/or recklessly, to mislead Plaintiffs, the Lower

Manhattan Community and/or the public in general into believing that they could reside

and/or work safely in the Lower Manhattan area.

42.    Defendant knew that Plaintiff, the Lower Manhattan Community, and the

public in general had no way to determine the truth behind Defendant's concealment and

omissions, and that these included material omissions of facts surrounding the quality of

the air and settled dust particles in the Lower Manhattan area.

43.    Plaintiffs reasonably relied on Defendant's concealment and/or omissions of fact.

44.    As a result of the aforementioned fraudulent concealment by Defendant, Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

45.    By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiffs.

46.    By reason of the foregoing, Plaintiffs have been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation

47.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

48.    Defendant had a duty to represent to the Plaintiffs, the Lower Manhattan Community and/or the public in general that the quality of the air and settled dust particles had been tested and found to be safe.

49.    The representations made by Defendant were, in fact, false.

50.    Defendant failed to exercise ordinary care in the representation of the

11

quality of the air and settled dust particles in the Lower Manhattan area in that Defendant negligently misrepresented that there were not numerous hazardous toxins contaminating the air and settled dust particles in the Lower Manhattan area which placed the public at a high risk of unreasonable, dangerous side effects.

51. Defendants breached their duty in representing that the air and settled dust particles in the Lower Manhattan area were safe for inhalation and/or other contact and in failing to alert the Plaintiffs, the Lower Manhattan Community, the public in general to the dangers and risks that the contaminated air and settled dust particles posed to their health.

52. Said Defendant knew and was aware or should have known that there were numerous hazardous toxins contaminating the air and settled dust particles in the Lower Manhattan area and that exposure to these toxins would be highly dangerous to persons residing and/or working in the Lower Manhattan area.

53. As a result of the aforementioned negligent representations by Defendant Plaintiff was caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

54. By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiffs.

55. By reason of the foregoing, Plaintiffs have been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

### FIFTH CAUSE OF ACTION
**Fraud and Deceit**

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

57.     Defendant conducted tests and investigations regarding the quality of the air and settled dust particles in the Lower Manhattan area following September 11, 2001.

58.     As a result of Defendant's investigations and testing of the air, or lack thereof, Defendant distributed blatantly and intentionally false information, including but not limited to assuring the Plaintiffs, the Lower Manhattan Community and/or the public in general that the air was safe to breathe and that residents and workers could return to work.

59.     As a result of Defendant's investigations and testing of the air, or lack thereof, Defendant intentionally omitted certain results of testing to the Plaintiffs, the Lower Manhattan Community and/or the public in general

60.     Defendant had a duty when disseminating information to the public to disseminate truthful information and a parallel duty not to deceive the public and the Plaintiff herein, as well as the Lower Manhattan Community.

61.     The information distributed to the Plaintiffs, the Lower Manhattan Community and/or the public in general by Defendant contained material representations of fact and/or omissions.

62.     The information distributed to the Plaintiffs, the Lower Manhattan

in the Lower Manhattan area by concealing the suppressing material facts regarding the dangerous and serious health and/or safety concerns of the hazardous substances contaminating the air and settled dust particles in the Lower Manhattan area.

73.     That Defendant willfully and intentionally failed to disclose the truth, failed to disclose material facts and made false representations with the purpose and design of deceiving and lulling the Plaintiff, as well as the Lower Manhattan area and the public at large, into a sense of security so that Plaintiff would rely on the representations and return to reside and/or work in the Lower Manhattan area.

74.     Defendant, through their public relations efforts, which included but were not limited to the public statements and press releases, knew or should have known that the public, including the Plaintiff, would rely upon the information being disseminated.

75.     That at the time the representations were made, the Plaintiff and/or the Lower Manhattan community did not know the truth with regard to the dangers and serious health and/or safety concerns of the hazardous toxins circulating in the Lower Manhattan area.

76.     That the Plaintiffs did not discover the true facts with respect to the dangerous and serious health and/or safety concerns, and the false representations of Defendant, nor could the Plaintiffs with reasonable diligence have discovered the true facts.

77.     That had the Plaintiff known the true facts with respect to the dangerous and serious health and/or safety concerns of the quality of air and settled dust particles in the Lower Manhattan area, Plaintiffs would not have returned to the Lower Manhattan

16

area.

78.     That the Defendant's aforementioned conduct constitutes fraud and deceit, and was committed and/or perpetrated willfully, wantonly and/or purposefully on the Plaintiff.

79.     As a result of the Defendant's aforementioned conduct, which constitutes fraud and deceit, and was committed and/or perpetrated willfully, wantonly, and/or purposefully on the Plaintiff, the Plaintiff were caused to sustain severe and grievous personal injuries, as set forth herein, and incurred past and will incur future medical expenses, lost wages (past and future), and all other damages available under the law.

80.     By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiffs.

81.     By reason of the foregoing, Plaintiffs have been damaged as against the defendant in the sum of TEN MILLION DOLLARS ($10,000,000.00) in compensatory damages and TEN MILLION DOLLARS ($10,000,000.00) in punitive damages.

## SIXTH CAUSE OF ACTION
### Loss of Constortium

82.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in each of the foregoing paragraphs inclusive, with the same force and effect as if hereinafter set forth at length.

83.     Plaintiff, JOANN ZAPPOLO, is lawfully married to Plaintiff, WILLIAM ZAPPOLO, and as such is entitled to the services, society and companionship of her spouse, the Plaintiff.

17

84.    That as a result of the foregoing, Plaintiff, JOANN ZAPPOLO, was caused to sustain the loss of services, income, society, consortium and companionship of her spouse during his time of injury caused by his exposure to the hazardous toxins circulating in the air in the Lower Manhattan area.

85.    As a result Plaintiff, JOANN ZAPPOLO, has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00), not including punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, WILLIAM ZAPPOLO and JOANN ZAPPOLO, demand judgment against the Defendant on each of the above-referenced claims and Causes of Action and as follows:

1.    Awarding compensatory damages to Plaintiffs for past and future damages, including but not limited to pain and suffering for severe and permanent personal injuries sustained by the Plaintiffs, health care costs, medical monitoring, together with interest and costs as provided by law;

2.    Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiffs in an amount sufficient to punish Defendants and deter future similar conduct;

3.    Awarding Plaintiff reasonable attorneys fees;

18

## ATTORNEY'S VERIFICATION

**STEPHANIE O'CONNOR.**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at DOUGLAS & LONDON, P.C., attorneys of record for Plaintiffs,

**WILLIAM ZAPPOLO and JOANN ZAPPOLO.** I have read the annexed

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff does not reside in the county wherein the attorneys for the plaintiff maintain their offices.

DATED:    New York, New York
July 19, 2007

STEPHANIE O'CONNOR, ESQ.

20

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

WILLIAM ZAPPOLO and JOANN ZAPPOLO,

        Plaintiff(s),

-against-

THE CITY OF NEW YORK,

        Defendant(s).

## SUMMONS & COMPLAINT

**Douglas & London, P.C.**
*Attorneys for WILLIAM ZAPPOLO and JOANN ZAPPOLO*
**111 John Street Suite #1400**
**New York, NY  10038**
**(212) 566-7500**

*In the Matter of the Claim of*

WILLIAM ZAPPOLO and JOANN ZAPPOLO

against

THE CITY OF NEW YORK

TO:  Corporation Counsel, The City of New York        Comptroller, The City of New York
     100 Church Street                                 Municipal Building
     New York, New York 100076                         New York, New York 10007

*PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against you as follows:*

1.    *The name and post-office address of each claimant and claimant's attorney is:*

William and Joann Zappolo                    Douglas & London, P.C.
5 Leonard Street                             111 John Street, 14th Floor
Farmingdale, NY 11735                        New York, NY 10038
                                             (212) 566-7500

2.    *The nature of the claim:*

Damages for personal injuries, pain and suffering, general disability and interference with claimants normal activities, diminished earning capacity, medical expenses and loss of earnings sustained by decedent and loss of services, medical and other expenses, as set forth in items 3 and 4 below predicated on the negligence, recklessness, and carelessness of THE CITY OF NEW YORK in failing to protect the health and safety of its residents and workers following the collapse of the World Trade Center Towers on September 11, 2001.

3.    *The time when, the place where and the manner in which the claim arose:*

Claimant WILLIAM ZAPPOLO worked at the following locations in Lower Manhattan area following September 11, 2001: 270 Broadway, 10 Liberty Street, Battery Park City, and 10 Barclay Street. While working at these locations WILLIAM ZAPPLO was exposed to the numerous hazardous toxins that were circulating in the air as a result of the collapse of the World Trade Center towers. On or about April 20, 2006, Claimant WILLIAM ZAPPOLO was diagnosed with sarcoidosis and pulmonary fibrosis, which were caused by his exposure to the afore-mentioned hazardous toxins. The said injuries would not have occurred but for the carelessness, negligence and/or recklessness of THE CITY OF NEW YORK, its agents, servants, and/or employees in failing to protect the health and safety of its residents and workers in the Lower Manhattan area following September 11, 2001, and but for their violation of the Laws of New York City; in failing to disclose vital information to the public that the air quality was not safe to breathe when it had information to such extent, in failing to provide Claimant with any safety equipment to protect him from these hazardous toxins while working in the Lower Manhattan area, in failing to provide Claimant with adequate respiratory equipment while residing in the Lower Manhattan area, in allowing Claimant to return to and/or stay at his place of work prematurely following September 11, 2001 while knowing and/or failing to know that the surrounding air was unsafe, dangerous, and/or hazardous to breathe; and in otherwise being negligent, reckless, and careless.

4.    *The items of damage or injuries claimed are (do not state dollar amounts):*

Claimant, WILLIAM ZAPPOLO, sustained serious and permanent personal injuries; sarcoidosis & pulmonary fibrosis as well as other serious injuries. Claimant was caused to sustain pain and suffering, medical and hospital expenses and other damages as well. Claimant, JOANN ZAPPOLO, suffered loss of consortium damages as a result of the acts of THE CITY OF NEW YORK

*The undersigned claimants therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant(s) intend(s) to commence an action on this claim.*

Dated    July 18, 2007

X _____
The name signed must be printed beneath
WILLIAM ZAPPOLO

X _____
The name signed must be printed beneath
JOANN ZAPPOLO

DOUGLAS AND LONDON, P.C.

By: _____
MICHAEL A. LONDON, ESQ.
Attorneys for Claimants
*Office and Post Office Address, Telephone Number*
111 John Street, 14th Floor
New York, NY  10038
(212) 566-7500

## INDIVIDUAL VERIFICATION

State of New York    )
County of New York )   ·SS:

WILLIAM ZAPPOLO and JOANN ZAPPOLO being duly sworn, depose and say that they are the claimants in the within action; that they have read the foregoing Notice of Claim and knows the contents thereof; and that as to those matters deponents believe it to be true, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponents believe it to be true.

_____
WILLIAM ZAPPOLO

_____
JOANN ZAPPOLO

Sworn to before me this 18th day of July, 2007

_____
NOTARY PUBLIC

Stephanie O' Connor
Notary Republic, State of New York
NO. 02OC5047916
Qualified in New York County
Commission Expires August 14, 200___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILLIAM ZAPPOLO and JOANN ZAPPOLO,<br><br>Plaintiff(s),<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>Defendant. | 07 Civ. *11263 (AKH)*<br><br><br>**STATEMENT OF RELATED**<br>**CASE PURSUANT TO LOCAL**<br>**RULE 1.6(a)** |

Pursuant to 1.6(a) of the of the Local Civil Rules of the Southern District of New York, Defendant THE CITY OF NEW YORK requests that this case be designated as a related case to the following civil case now pending before the Hon. Alvin K. Hellerstein in the Southern District of New York:

1)    *In re World Trade Center Lower Manhattan Disaster Site Litigation,*
       21 MC 102 (AKH)

The cases are related because the above litigation compromises cases concerning injuries allegedly sustained relating to the rescue, recovery, debris removal, cleanup and/or construction at the World Trade Center site after the September 11, 2001 terrorist attacks. The above-captioned case also concerns an injury allegedly sustained while working at the World Trade Center site after the September 11, 2001 terrorist attacks.

50318

Dated: Newark, New Jersey
      December 14, 2007

PATTON BOGGS LLP

By:    *James E. Tyrrell, Jr.*
     James E. Tyrrell, Jr. (JT-6837)
     One Riverfront Plaza, 6th floor
     Newark, NJ 07102
     (973) 868-5600
     JTyrrell@PattonBoggs.com

*Attorneys for* The City of New York.

TO:  Michael A. London, Esq.
     Douglas & London, P.C.
     111 John Street, Suite 1400
     New York, NY 10038

50318

## <u>CERTIFICATE OF SERVICE</u>

I, Megan Jordan Strickland, hereby certify that true and correct copies of the attached documents, in the above captioned proceeding, were served upon all parties on the attached service list via Federal Express overnight delivery this Friday, December 14, 2007.


Dated: December 14, 2007
        Newark, New Jersey


                        PATTON BOGGS LLP


                        By: _Megan Jordan Strickland_
                            Megan Jordan Strickland, Esq.

                            One Riverfront Plaza
                            6th Floor
                            Newark, New Jersey, 07102
                            Phone: (973) 848-5600
                            Fax:    (973) 848-5601

50299

## SERVICE LIST

**Michael A. London, Esq.**
Douglas & London, P.C.
111 John Street, Suite 1400
New York, NY 10038

50299